UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ROBYN LITTLE DAVIS** : **DOCKET NO. 15-cv-562**

**VERSUS** : **JUDGE MINALDI**

**JAMES ROGERS** : **MAGISTRATE JUDGE KAY**

**MEMORANDUM ORDER**

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Robyn Little Davis ("Davis"). Doc. 11. Davis is a prisoner in the custody of the Louisiana State Department of Public Safety and Corrections. She is currently incarcerated at the Louisiana Correctional Institute for Women. James Rogers ("respondent"), warden, has answered the petition. Doc. 22.

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual

claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

The petitioner and her co-defendant, Carol "Sissy" Saltzman ("Saltzman"), were indicted in the 14th Judicial District, Calcasieu Parish, Louisiana, on charges of first degree murder.[1] Doc. 23, att. 1, p. 91. The charges related to the June 29, 2009 killing of Davis's husband, William Brian Davis ("victim"). *Id.* Following a jury trial in the same judicial district, both Davis and Saltzman were convicted of second degree murder by a vote of 11-1 on May 10, 2012. *Id.* at 84–85.

Davis appealed her conviction and sentence to the Louisiana Third Circuit Court of Appeal. *See State v. Davis*, 129 So.3d 554 (La. Ct. App. 3d Cir. 2013). There she raised the following assignments of error:

1. The trial court, and the Third Circuit in affirming, erred as a matter of law in granting the State a recess/continuance on Friday, November 11, 2011, and not swearing the jury as required by LA. C. CR. P. art. 790.

2. The trial court erred as a matter of law in failing to find that the Defendant was prejudiced by the illegal delay.

3. The Third Circuit erred in finding the Defendants' motion to dismiss moot – thus the Court failed to determine if the delay granted by the trial court, whether a recess or continuance, was in error or an abuse of discretion, and if so, whether the defendants have been prejudiced by the delay.[2]

4. The trial court, and Third Circuit in affirming, erred as a matter of law in not granting the Defense's Motion to Dismiss on the basis of Double Jeopardy.

5. The trial court erred in failing to require the State's opening statement comply with LA. C. CR. P. arts. 766 & 769.

6. The evidence, viewed in the light most favorable to the State, was insufficient to support the Defendant's conviction for second degree murder.

7. The trial court erred in allowing the testimony of the State's "cell site analysis" witness, FBI Agent William B. Shute.

---

[1] The indictment was subsequently amended to charges of second degree murder. Doc. 23, att. 1, p. 91.
[2] These claims were briefed jointly. *Davis*, 2013 WL 2181053 at *9–*13.

>    8. The trial court erred in allowing the testimony of the State's expert crime scene re-constructionist witness, George Schriro.
>    9. The trial court erred in failing to find LA. C. CR. P. art. 782(A) unconstitutional because it allows for a non-unanimous verdict in this Non-Capital Felony Trial.

*State v. Davis*, 2013 WL 2181053, *v (La. Ct. App. 3d Cir. May 6, 2013) (appellate brief). The Third Circuit reviewed her claims and denied relief. *Davis*, 129 So.3d at 559–602. Davis sought a writ of certiorari and/or review with the Louisiana Supreme Court which was denied on June 13, 2014. *State v. Davis*, 140 So.3d 1186 (La. 2014). She then applied to the United States Supreme Court for a writ of certiorari which was denied on November 17, 2014. *Davis v. Louisiana*, 135 S.Ct. 678 (2014).

Davis did not seek collateral review at the state level.[3] The instant petition was filed on March 3, 2015, and amended to assert the correct vehicle for review on September 23, 2015. Docs. 1, 11. Therein Davis phrased her claims for relief as follows:

>    1. **The trial court and the State interrupted the petitioner's due process rights by causing structural damage to the trial in this matter.**
>
>    Were the defendant's United States Constitution Sixth Amendment right to confront the State's witness violated by the trial court's prohibiting the defense from using, on cross-examination at trial before the initial jury was selected but never sworn?
>
>    2. **The trial court at the prompting of the state placed Davis and Saltzman in jeopardy once the trial in this matter was continued due to the ex parte communication from the state.**
>
>    When a defendant pleads not guilty and is tried by jury, jeopardy begins when the jury panel is sworn pursuant to Article 790. When a defendant pleads not guilty and is tried without a jury, jeopardy begins when the first witness is sworn at the trial on the merits. When a defendant pleads guilty, jeopardy begins when a valid sentence is imposed.

---

[3] In the § 2254 coversheet completed for this petition, Davis was asked whether she had "previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court." Doc. 11, p. 3. She selected "Yes" but only provided information for her unsuccessful application for relief from judgment to this court under Fed. R. Civ. P. 60(b). *Id.*; *see* Doc. 10 (memorandum order instructing Davis to file a § 2254 petition if she wished to seek relief from her state court conviction).

> In review jeopardy there is no justification for the distinction; therefore, under this article, jeopardy begins in all cases, when the first witness is sworn at the trial on the merits.

3. **The state committed structural error by asking through ex-parte communication without the filing of formality to continue the trial after voir dire and the perpetuation of testimony of Baumgartner.**

    Were the petitioner's United States Constitution Fifth Amendment rights against double jeopardy violated when all of the following was allowed over defense counsel's objections: (i) the State of Louisiana was allowed to begin the state's case against the defendants by the taking of videotaped testimony of its crime scene investigator without a jury present (though there is no procedural vehicle to allow such in a criminal proceeding under Louisiana law), forcing the defense to reveal portions of its defense on cross examination, and (ii) one day later, after the jury was finished being picked the trial court refused to swear the jury, as required under Louisiana law, and (iii) the trial court then allowed the State a continuance – also a violation of black letter statutory Louisiana law since the trail had "commenced" – and (iv) the original jury which the trial court had refused to swear was released and (v) before a new and different jury was picked five months later the same crime scene investigator was allowed to testify anew before the "new" jury with the defense not being allowed to use the prior video-taped testimony for cross examination or the jury being aware of her prior sworn testimony? It is the defendant's contention that they were "put to trial" under constitutional standards embodied in the United States Constitution Fifth Amendment initially, and then five and one-half months later the state was allowed to begin anew its case before a new and different jury and thus "put to trial" a second time in violation of the Fifth Amendment and any reasonable application of Louisiana law.

4. **Failure to produce all expert witnesses, their testimonial facts and reports to the defense prior to the trail began on November 7th.**

    The Supreme Court interpreted Rule 702 in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, and assigned the trial court a gatekeeping role to ensure that expert testimony is both reliable and relevant. 509 U.S. 579, 597 (1993) (trial judge has "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relvant to the task at hand").

5. **Appointed additional expert witness after the trial had begun on November 7th.**

    There was no adversarial balance in making a substantial advantage for the prosecution, making the cumulative effect of errors resulting in a miscarriage of justice.

6. **The State using discovery materials received from the defense during the perpetuation testimony of Baumgartner and material received from defense counsel to further their investigation during the five and one half month delay before reconvening for trial.**

   Were the Defendant's United States Constitutional Fifth Amendment substantive and procedural due process rights violated due to the Louisiana Intermediate Appellate Court's i) failure to articulate any legitimate and justifiable reasoning behind its decision regarding the illegal continuance Agent Shute and the prejudice it caused the defendant; and ii) the decision that defendants suffered no prejudice was an unreasonable determination of the facts in light of the evidence presented, both of which shocks the conscience, contravene the concept of ordered liberty, and simply amount to an unfair trial and appellate review of the case.

7. **Failure to have Agent Shute tender his test results prior to November 7th and not running the test until the weekend prior to the reconvening after the State was granted a continuance.**

   Agent Shute is not an engineer, not a scientist; Agent Shute is psychologist thereby not meeting the appropriate standard to base an expert opinion in this matter. The "scientific" approach to which Agent Shute's used can only be placed in the category as "junk science." The trial court erred by allowing Agent Shute to be used by the State as an expert in the field of cell phone site "pings" thereby, not meeting the standards in *Daubert* or Rule 702.

8. **The State failed to meet its burden of proving Davis and Saltzman committed second degree or were responsible for the death of William Brian Davis.**

   The controlling rule for resolving a claim of insufficient evidence was established in *Jackson v. Virginia*, 443 U.S. 307 . . . (1979). See Gall v. Parker, 231 F.3d 265, 287–88 (6th Cir. 2000) (Jackson is the governing precedent for claims of insufficient evidence). There, the Supreme Court held evidence, when viewed in the light most favorable to the prosecution, is sufficient if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. at 319.

9. **The trial court and the State breached the petitioner United States Constitutional rights in an effort to gain a conviction causing a miscarriage of justice.**

   As the Supreme Court has explained, "the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration. Murray v. Carrier, 477 U.S. 478, 496 (1986), quoting from Engle v. Isaac, 456 U.S. 107, 135 (1982). While the Supreme Court has not

> provided a definitive interpretation of the term "miscarriage of justice," it has made clear that the exception extends to cases of "actual innocence." Herrera v. Collins, 506 U.S. 390, 404 (1993). "Actual innocence" includes the situation when the constitutional violation "has probably resulted in the conviction of one who is actually innocent [of the offense of which he has been convicted]." Murray v. Carrier, 477 U.S. at 496. Accord: Schlup v. Delo, 513 U.S. 298 (1995). "Probable innocence is established in this context if the petitioner presents "new facts [that] raise [] sufficient doubt about the [the petitioner's] guilt to undermine the confidence in the result of trial . . ." Schlup, 513 U.S. at 317. To establish the requested probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327. "Actual innocence" means factual innocence, not mere legal insufficiency. United States v. Torres, 163 F.3d 909, 912 (5th Cir. 1999).

Doc. 11, att. 1, pp. 41–44 [*sic* to all of the above]. As the respondent points out, most of her habeas claims do not correspond directly with claims from her appellate brief, though a few do appear to be rephrased from claims raised on appeal.

Upon a finding that a habeas petition contains both exhausted and unexhausted claims, a district court may stay the petition in order to let the petitioner present her unexhausted claims to the state court. *Rhines v. Weber*, 125 S.Ct. 1528, 1532–35 (2005). However, the stay is only appropriate where the court determines that the petitioner had good cause for failing to exhaust her claims and where the claims are not "plainly meritless." *Id.* at 1535. Alternatively, the court should allow the petitioner to delete the unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair her right to obtain federal relief. *Id.*

Accordingly, Davis is given **14 days** from the date of this order to either move for a stay while she pursues her unexhausted claims in state court or to file an amended petition deleting her unexhausted claims and proceeding with the exhausted claims. If she chooses the latter option, she should more accurately phrase her habeas claims in order for this court to reconsider them.

THUS DONE this 18th day of April, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE